# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

BYRON ANTHONY LOOPER                              Case No.  05-38187

       Debtor


## MEMORANDUM ON DEBTOR'S
## APPLICATION TO WAIVE FILING FEE


**APPEARANCES:**   Byron Anthony Looper
    Post Office Box 1000
    Petros, Tennessee  37845
    Debtor, *Pro Se*

    G. WAYNE WALLS
    Post Office Box 22400
    Knoxville, Tennessee  37933
    Chapter 7 Trustee

    RICHARD F. CLIPPARD, ESQ.
    UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    800 Market Street
    Suite 114
    Knoxville, Tennessee  37902
    Attorneys for United States Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The unique circumstances surrounding the commencement of this bankruptcy case require the following discussion and analysis before the court deals with the relatively uncomplicated issue presently before it.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

## I

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) significantly changed the Bankruptcy Reform Act of 1978, as amended, by revising, deleting, and adding many requirements, including an amendment to 28 U.S.C. § 1930(a) which, *inter alia*, increased the fee for filing a case under Chapter 7 from $155.00 to $220.00. *See* 28 U.S.C. § 1930(a)(1)(A) (2005).  BAPCPA also added subsection (f) to 28 U.S.C. § 1930, allowing the court, under certain prescribed circumstances, to waive the filing fee in a Chapter 7 case.[1]  As is the case with most of the consumer provisions of BAPCPA, the amendments to 28 U.S.C. § 1930 became effective on October 17, 2005.

---

[1] Specifically, the new subsection (f) provides, in material part:

> (f)(1)  Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.  For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and(c) that is payable to the clerk upon the commencement of a case under chapter 7.

28 U.S.C. § 1930(f)(1) (2005).

## II

The Debtor, Byron Anthony Looper, is a prisoner incarcerated at Brushy Mountain State Prison in Petros, Tennessee, serving a life term without possibility of parole.  He mailed the Voluntary Petition commencing his Chapter 7 case, together with his statements and schedules, to the clerk on October 14, 2005.  They were received and docketed on October 17, 2005.  Contemporaneously with the filing of his petition, the Debtor also filed an Application to Proceed In Forma Pauperis with Supporting Documents (First Application), whereby he sought a waiver of the filing fee due to his poverty.  The court summarily denied the First Application because it was not in the format required by Official Form B3B as mandated by Rule 1006(c) of the Interim Federal Rules of Bankruptcy Procedure, effective October 17, 2005.

Thereafter, on November 7, 2005, the Debtor filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (Second Application).  Because the Debtor clearly falls within the income guidelines for a filing fee waiver under 28 U.S.C. § 1930(f)(1), the court, pursuant to an order entered on November 16, 2005, granted the Second Application and directed that "all filing fees due upon the commencement of this bankruptcy case are waived."

On October 28, 2005, the United States Trustee filed the Motion of United States Trustee to Dismiss Case Pursuant to 11 U.S.C. § 109(h)(1) and Notice of Hearing (Motion to Dismiss), asking the court to dismiss the Debtor's bankruptcy case based upon the

Debtor's failure to certify that he had received counseling from an approved nonprofit budget and credit counseling agency as required by 11 U.S.C. § 109(h)(1) (2005).  The Debtor thereafter filed a motion on December 5, 2005, entitled "Motion Requesting the Court to Order/Correct the Filing Date of Looper's Petition (and all) to (on or before) 10/14/05; Motion in Opposition to the U.S. Trustee's Motion 'to Dismiss Case Pursuant to 11 U.S.C. § 109(h)(1) and Notice of Hearing [For 12/8/05]'" asking the court to invoke the "Prisoner Mail Box Rule" to correct the filing date of his Voluntary Petition to reflect October 13, 2005, the date that he presented the petition to prison officials for mailing to the court, as the date he commenced his bankruptcy case.

On December 12, 2005, the court entered an Order, with a supporting Memorandum on United States Trustee's Motion to Dismiss and on Debtor's Motion to Correct the Filing Date of Petition, denying the United States Trustee's Motion to Dismiss, directing that the Debtor's Chapter 7 bankruptcy case be deemed filed on October 14, 2005, and directing that the Debtor's case be handled administratively and procedurally in accordance with the provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure in effect prior to the October 17, 2005 effective date of BAPCPA.  *See In re Looper*, Case No. 05-38187, slip op. (Bankr. E.D. Tenn. Dec. 12, 2005).

Because the Debtor's case is deemed filed on October 14, 2005, the court must now vacate the November 16, 2005 administrative Order granting the waiver of all filing fees required upon the commencement of this bankruptcy case.  Accordingly, the remainder of

this Memorandum will deal with the Second Application, which must now be re-visited by the court.

### III

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (2005). Nevertheless, the statute controlling filing fees imposed in bankruptcy cases filed prior to October 17, 2005, does not permit a debtor to proceed *in forma pauperis* in a case commenced under Chapter 7. That statute provides, in material part, as follows:

> (a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the . . . bankruptcy court . . . the following filing fees:
>
> (1) For a case commenced under chapter 7 or 13 of title 11, $155.

28 U.S.C. § 1930(a)(1) (2005).

The United States Supreme Court has held that an indigent filing a voluntary petition in bankruptcy is not entitled to a discharge unless the filing fees have been paid. *United*

*States v. Kras*, 93 S. Ct. 631 (1973).[2]  The Court stated that "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy," as bankruptcy "obviously is a legislatively created benefit, not a constitutional one," and that the fee requirement has a rational basis.  *Kras*, 93 S. Ct. at 638-39.

> [B]y virtue of 28 U.S.C. § 1930(a), neither the district or bankruptcy courts may permit truly indigent debtors to proceed in forma pauperis and obtain a discharge under 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004(c).  Under the existing law, payment of the chapter 7 filing fee under 28 U.S.C. § 1930(a)(2) is essentially a prerequisite or precondition to the granting of an individual's chapter 7 discharge and concomitantly failure to pay such fee is cause requiring a dismissal under 11 U.S.C. § 707(a)(2) and Fed. R. Bankr. P. 1017(b).

*In re Taylor*, 252 B.R. 709, 711 (Bankr. W.D. Tenn. 2000).

The Debtor, of course, has available to him Rule 1006(b)(1) of the Federal Rules of Bankruptcy Procedure which permits the clerk to accept a voluntary petition filed by an individual if accompanied by the debtor's signed application stating that he or she is unable to pay the filing fee except in installments.  Rule 1006(b)(2) further provides for payment of the filing fee in a maximum of four installments with the final installment to be payable not later than 120 days after the petition is filed, provided, however, that the court may extend the time of any installment provided the last installment is paid not later than 180 days after the filing of the petition.

---

[2] Section 1930(a) codified the holding in *Kras* to establish as a matter of law that an individual debtor is required to pay the filing fee in order to commence a case under title 11.  *See McGinnis v. McGinnis (In re McGinnis)*, 155 B.R. 294, 295 (Bankr. D.N.H. 1993).

The Debtor's Second Application must be denied. The Debtor will, however, be allowed to pay the $155.00 filing fee required to accompany his petition by installments within 180 days from the date his petition was filed, or by April 12, 2006. The court will direct that installments be paid as follows: $38.75 by January 12, 2006; $38.75 by February 12, 2006; $38.75 by March 12, 2006; and $38.75 by April 12, 2006. Failure of the Debtor to make any installment payment will require dismissal of his case pursuant to 28 U.S.C. § 707(a)(2). Additionally, the court will defer entry of the order of discharge until the entire $155.00 filing fee has been paid. The Debtor will not be required to pay the $30.00 administrative fee prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1930(b), nor will he be required to pay the $15.00 trustee fee prescribed by the Judicial Conference of the United States pursuant to 11 U.S.C. § 330(b)(2).[3]

An appropriate order will be entered.

FILED:   December 13, 2005

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

---

[3] These sections do not contain the restrictive language found in 28 U.S.C. § 1930(a), thus allowing this court to waive these fees. *See McGinnis*, 155 B.R. at 295 (collecting cases).